IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

P & K PROPERTY, LLC,

        Plaintiff,

  v.

HARTFORD CASUALTY INSURANCE COMPANY,

        Defendant.

                                              /

No. C 11-06606 SI

**ORDER GRANTING MOTION TO COMPEL AND REQUIRING RESPONSE FROM COUNSEL**

Currently before the Court is defendant's motion to compel discovery. Dkt. 25. Although defendant filed its requests as a statement pursuant to the Court's July 28, 2011 Standing Order, the Court will treat defendant's requests as a motion to compel because of plaintiff counsel's apparent failure to coordinate with defendant's counsel on the statement and on discovery requests generally. *See* Dkts. 25, 26. According to defendant's counsel, "[p]laintiff's counsel is ignoring us in our attempts to obtain discovery. We are getting no responses to our voicemail messages, emails, or the discovery statement we filed with the Court . . . We are at loss as to what to do." Dkt. 26.

At issue are: (1) plaintiff's interrogatory responses; (2) plaintiff's failure to produce requested documents; (3) the manner in which plaintiff has produced/should produce documents; and (4) plaintiff's failure to produce a privilege log. Defendant's motion consists of two sets of requests. The first set of requests relates to defendant's request for the production of documents (set 1) and special interrogatories (set 1). Dkt. 25-1. Upon receiving plaintiff's responses (Dkt. 25-2), which defendant's counsel considered inadequate, the parties met on June 13, 2012, and plaintiff's counsel agreed to provide a verification, supplemental responses, a privilege log, and responsive documents. Dkt. 25. Subsequently, plaintiff has provided none of this material. *Id.*

The second set of requests relates to a 30(b)(6) deposition noticed for August 3, 2012. Dkt. 25-3.

The deposition notice requested 41 categories of documents that were not initially produced. At the deposition, plaintiff's counsel promised that such documents would be produced, but shortly thereafter, produced only some of the 41 categories of documents requested.

Plaintiff's counsel have not objected to the production of either set of documents or filed any response to defendant's statement (Dkt. 25) or letter (Dkt. 26). It appears from the record available to the Court that plaintiff's counsel simply has not been diligent in producing documents as agreed and as required by the Federal Rules of Civil Procedure.

Having reviewed the parties papers and the record available, and having considered the reasonableness of defendant's requests, the Court hereby **ORDERS plaintiff to**:

(1) verify its interrogatory responses; provide supplemental responses to requests for production that state if responsive documents exist and will be produced; provide a privilege log; produce responsive documents organized by request categories; and provide verified supplemental responses that answer each interrogatory in a complete and straightforward manner.

(2) produce all documents requested by the deposition notice, organized to correspond with the notice categories.

**Plaintiff shall respond to this Order and produce the above documents to defendants no later than October 12, 2012**.

**In addition, plaintiff's counsel shall, no later than October 5, 2012, file with the Court a written explanation why counsel has not communicated with defendant's counsel on these matters.**

**IT IS SO ORDERED.**

Dated: October 1 , 2011

SUSAN ILLSTON
United States District Judge